UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALBERT GREEN, JR., JOSEPH MARTIN, JR., GLADYS E. GREEN, ARCHIE L. TAYLOR, AND LEROY A. TAYLOR | * CIVIL ACTION: 05-1444 <br> * <br> * SECTION: "J" |
| VERSUS | * <br> * <br> * |
| JEFFERSON PARISH CORONER OFFICE, JEFFERSON PARISH CORONER, I-PICK, INC., ST. PAUL INSURANCE COMPANY, AND TRAVELERS INSURANCE COMPANY | * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER AND REASONS

Before the Court is the **Motion to Dismiss** filed by defendant, Robert Treuting, M.D., in his capacity as Coroner for Jefferson Parish ("Coroner"). Rec. Doc. 6. Plaintiffs oppose the motion. The motion, set for hearing on December 28, 2005, is before the Court on briefs without oral argument.

## BACKGROUND

Plaintiffs, Albert Green, Jr., Joseph Martin, Jr., Gladys E. Green, Archie L. Taylor, and Leroy A. Taylor, brought suit against Jefferson Parish Coroner Office, Jefferson Parish Coroner, I-Pick, Inc., St. Paul Insurance Company, and Travelers Insurance Company for monetary damages allegedly resulting from actions taken by the defendants. Plaintiffs seek relief based on 42 U.S.C. § 1983 for conspiracy to violate and for violation of their equal protection rights under the Fourteenth Amendment and their due process rights in accordance with the Fifth and

Fourteenth Amendments of the U.S. Constitution.

Plaintiffs' claim arises out of the death of their mother, Essie Lee Taylor ("Taylor"), on April 2, 1962. On that date, Taylor died while working at a machine at the I-Pick Door Company. Plaintiffs allege that Taylor's actual cause of death was electrocution, which the defendants concealed. Autopsy findings state that the cause of death was suffocation due to aspiration of vomitus and that there was no evidence of electrocution.

Plaintiff Albert Green ("Green") requested Taylor's autopsy report on May 22, 1997. On May 21, 2003, the same plaintiffs as in the instant suit filed suit in the 24th JDC for the Parish of Jefferson ("24th JDC Suit"). The 24th JDC Suit was involuntarily dismissed on January 26, 2004. On December 19, 2004, plaintiffs had Taylor's body exhumed and hired a forensic pathologist.

Plaintiffs filed the instant suit on April 18, 2005. Defendant Coroner now moves to dismiss the suit pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that plaintiffs' claim has prescribed and that the defendant is entitled to qualified immunity. Plaintiffs oppose the motion, arguing that the doctrine of *contra non valentem*, an exception to prescription, applies and that the Coroner is not immune from suit.

## DISCUSSION

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would

entitle him to relief." *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).  A complaint fails to state a claim upon which relief can be granted if it shows on its face that prescription has run.  *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288 (5th Cir. 1977).  Accordingly, a defendant may challenge the complaint by a motion to dismiss under Rule 12(b)(6).  *Id.* at 293.

Section 1983 provides that "every person who . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . ."  42 U.S.C. § 1983.  Section 1983 does not provide a statute of limitations.  When a federal statute provides a cause of action but offers no specific statute of limitations, courts generally look to state law for an analogous limitations period.  Courts apply the statute of limitations for personal injuries in Section 1983 cases.  *Wilson v. Garcia*, 471 U.S. 261, 266-7 (1985); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).  Under Louisiana state law, a plaintiff has one year from the time an action accrues to bring a personal injury suit.  La. Civ. Code art. 3492.  Thus, the applicable statute of limitations for this Section 1983 case is one year.

The Court must also determine when the limitations period actually begins to run.  In deciding the accrual issue, the Court looks to federal law.  Under federal law, an action accrues when a plaintiff has actual or constructive knowledge of the injury he alleges to have been caused by the defendant.  *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987).  Courts find constructive notice when "the plaintiff has information sufficient to excite attention and prompt further inquiry."  *Id.*  Such notice "includes knowledge or notice of everything to which that inquiry might lead."  *Adams v. First Nat. Bank of Commerce*, 93-2346, p. 9 (La. App. 4 Cir.

09/29/94), 644 So.2d 219, 223.

An action brought after the expiration of the limitations period will be dismissed as prescribed, unless the limitations period has been interrupted or tolled. Generally, state law governs tolling issues in Section 1983 cases. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Under Louisiana law, prescription is generally suspended pursuant to the rule of *contra non valentem* when the circumstances of the case fit within one of four categories: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor (defendant) himself has done some act to prevent the creditor (plaintiff) from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the defendant. *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 884 n.37 (citing *Plaquemines Parish Comm'n Council v. Delta Dev. Co.*, 502 So. 2d 1034, 1054-5 (La. 1987)). Only the third and fourth categories are relevant in this case. The third category applies to cases where a defendant engages in conduct which prevents the plaintiff from availing himself of his judicial remedies. *Wimberly v. Gatch*, 93-2361 (La. 4/11/94), 635 So. 2d 206. The fourth category, commonly known as the discovery rule, provides that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. *Griffin v. Kinberger*, 507 So.2d 821 (La.1987).

The application of *contra non valentem* is defendant specific, and prescription begins to run when plaintiff has a reasonable basis to pursue a claim against a specific defendant.

*Terrebonne Parish*, 310 F.3d at 870.  The rule that prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit applies only when such ignorance is not willful and does not result from negligence.  *Jordan v. Employee Transfer Corp.*, 509 So. 2d 420 (La. 1987) (quoting *Cartwright v. Chrysler Corp.*, 232 So. 2d 285, 287 (La. 1970)).  Thus, *contra non valentem* does not suspend prescription when a litigant is perfectly able to bring his claim but fails or refuses to do so.  *Terrebonne Parish*, 310 F.3d at 885 (citing *Hendrick v. ABC Ins. Co.*, 787 So. 2d 283, 293 (La. 2001)).  The proper focus is on the reasonableness of the tort victim's action or inaction.  *Griffin v. Kinberger*, 507 So. 2d 821, 824 (La. 1987).

     The relevant inquiry is whether plaintiffs' claim had prescribed as of the filing of the original complaint.  Plaintiffs' mother died on April 2, 1962.  This suit was not filed until April 18, 2005.  More than forty-three years elapsed between the time of the alleged tortious conduct and the filing of plaintiffs' suit.  Since more than a year elapsed between the time of the tortious conduct and the filing of suit, the burden shifts to plaintiffs to prove either suspension, interruption, or some exception to prescription.

     Plaintiffs contend that *contra non valentem* served to interrupt prescription, because the defendants "malicious[ly] and fraudulently" concealed the truth of the cause of death of their mother.  Rec. Doc. 1.  "In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.  *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).  At a

minimum, Rule 9(b) requires the plaintiff to specify the particulars of time, place, and the contents of the false representations. *Id.* at 179. In this case, plaintiffs' complaint contains conclusory allegations that defendants conspired to conceal the true cause of their mother's death. Plaintiffs fail to allege in either their complaint or their opposition any facts to support this assertion. They provide no details concerning how such statements were fraudulent, nor do they point to any forensic evidence supporting the theory that Essie Lee Taylor was electrocuted rather than suffocated. Accordingly, plaintiffs have failed to plead with sufficient particularity that any fraud occurred, so they may not avail themselves of *contra non valentem*.

Plaintiffs also argue that they lacked knowledge of their claim. They contend that requesting an autopsy report does not constitute sufficient knowledge that a cause of action existed so as to commence running of prescription. Defendant argues that plaintiffs knew or should have known of their claim no later than May 22, 1997, the date on which plaintiff Green made a public records request for the autopsy report. Although Green made this request "to find the truth regarding the death of my mother," (Rec. Doc. 6, Exhibit 5) plaintiffs assert that prescription did not begin to run until December 19, 2004, the date Taylor's body was exhumed and an expert forensic pathologist was retained. Plaintiffs fail to point to evidence in their opposition or even allege in their complaint any facts indicating that they did not receive notice until December 19, 2004. Moreover, plaintiffs previously filed suit on May 21, 2003, almost six years after Green's 1997 public records request. Even if plaintiffs' claim had not prescribed when they filed the 24th JDC Suit, prescription would have run on January 26, 2005, one year from the date the 24th JDC Suit was involuntarily dismissed.

Because plaintiffs' claim had prescribed at the time they filed the instant lawsuit, it is not

6

necessary to determine whether defendant Coroner is entitled to qualified immunity.

Accordingly,

**IT IS ORDERED** that the defendant's Motion to Dismiss (Rec. Doc. 6) is **GRANTED**, and plaintiffs' claims against the defendants are hereby **DISMISSED WITH PREJUDICE** as prescribed.

New Orleans, Louisiana, this 15th day of February, 2006.

_____
HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE